# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TIMOTHY A. HAMPTON,

        Petitioner,

vs.                                                   Case No. 3:19-cv-147-J-32MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). Petitioner challenges a 1998 state court judgment of conviction for unarmed robbery, for which he is serving a forty-year term of imprisonment.

The Court previously adjudicated Petitioner's federal habeas claims challenging this conviction. See Hampton v. Sec'y Fla. Dep't of Corr., Order (Doc. 33), No. 3:04-cv-531-J-32MCR (Aug. 3, 2006). Thus, this Court has no authority to consider the claims raised by Petitioner without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed

without [the Eleventh Circuit's] authorization"). A review of the Eleventh Circuit's docket does not show that Petitioner has filed a request to file a second or successive habeas petition. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit. Citation

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk shall send Petitioner an Application for Leave to File a Second

---

[1] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of February, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c:
Timothy A. Hampton, #079240